1
2
3
4
5
6
7
8      **UNITED STATES DISTRICT COURT**
9      **CENTRAL DISTRICT OF CALIFORNIA**
10

11   PLAYVUU, INC.,                          Case No. 2:22-cv-06019-GW-MRW
12        Plaintiff and Counter-Defendant,
13             v.                             **[~~PROPOSED~~]**
                                             **STIPULATED PROTECTIVE**
14   SNAP INC.,                              **ORDER**
15        Defendant and Counterclaimant.
16
17
18   1.    <u>INTRODUCTION</u>
19         1.1   <u>PURPOSES AND LIMITATIONS</u>
20         Discovery in this action is likely to involve production of confidential,
21   proprietary, or private information for which special protection from public disclosure
22   and from use for any purpose other than prosecuting this litigation may be warranted.
23   Accordingly, the parties hereby stipulate to and petition the Court to enter the
24   following Stipulated Protective Order.  The parties acknowledge that this Order does
25   not confer blanket protections on all disclosures or responses to discovery and that the
26   protection it affords from public disclosure and use extends only to the limited
27   information or items that are entitled to confidential treatment under applicable legal
28   principles.  The parties further acknowledge that this Stipulated Protective Order does

not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, source code and technical documentation, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 2.   DEFINITIONS

2.1   <u>Challenging Party</u>:  a Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.4    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm or competitive/commercial disadvantage that the Designating Party reasonably believes could not be avoided by less restrictive means.

2.7    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party

would create a substantial risk of serious harm that the Designating Party reasonably believes could not be avoided by less restrictive means.

2.8    In-House Counsel:  attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party; as well as staff of such counsel and Professional Vendors, as defined below, to whom it is reasonably necessary to disclose or allow access to Protected Material for this litigation.

2.11    Party:  any party to this action, including all of its officers, directors, and employees, consultants, retained experts, and Outside Counsel of Record (and their respective support staffs).

2.12    "Patent-in-Suit" means U.S. Patent No. 10,931,911 (the "'911 Patent").

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Designating Party.

3.    SCOPE

3.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations or other writings that contain, reflect, reveal, suggest or otherwise disclose Protected Material; and (3) any testimony, conversations, or presentations by Parties, their Outside Counsel of Record, or their In-House Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2    Nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge.  Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by another Party.

3.3    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Designating Party or by order of the Court.  Any use of Protected Material at trial shall

be governed by the orders of the trial judge.  This order does not govern the use of Protected Material at trial.

3.4    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix, to each page that contains Protected Material (or, in the event that is not practicable, to the first page of the document), the legend: (i) for "CONFIDENTIAL" Information or Items, "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; for "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items, "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – OUTSIDE ATTORNEYS' EYES ONLY"; and (iii) for "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, "HIGHLY CONFIDENTIAL – SOURCE CODE" or "HIGHLY CONFIDENTIAL SOURCE CODE" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – SOURCE CODE."

A Party or Non-Party that makes original documents or materials (other than HIGHLY CONFIDENTIAL – SOURCE CODE Information or Items) available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Designating Party must affix the appropriate legend (as set forth above) to each page that contains Protected Material.  HIGHLY CONFIDENTIAL – SOURCE CODE Information or Items shall be treated according to Section 9 of this Order.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that (i) the Designating Party identify on the record, before the close of

the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted, or (ii) within fourteen (14) days after receiving the transcript, the Designating Party advises the Receiving Party and/or court reporter that it is assigning confidentiality designation to some or all of the transcript. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to place the entirety of the testimony under the protection of this Order. Nothing in this Section shall be interpreted to interfere with a deponent's own right to review his or her own deposition transcript for accuracy.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that was not designated on the record pursuant to the first paragraph of Section 5.2(b) above shall be treated during the 14-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as

of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legends for "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information warrants protection, the Designating Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Right to Seek Additional Protections.  This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party will initiate the dispute resolution process under Local Rule 37-1 *et seq*.

6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the

material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. Absent further order from the Court, the Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action; the Protected Material may not be used for any other purpose.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, each Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

(b)   current (at the time of disclosure) officers, directors, or employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party in connection with this action who have signed the "Acknowledgment and Agreement to

Be Bound" (Exhibit A), and as to whom the procedures set forth in Section 7.5(a), below, have been followed;

(d)   the Court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)   any other person with the prior written consent of the Designating Party.

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.</u>   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation:

(b)     Experts (as defined in this Order) of the Receiving Party in connection with this action, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in Section 7.5(a), below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters and their staff;

(e)     professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h)     any other person with the prior written consent of the Designating Party.

7.4     <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5(a) below have been followed;

(c)     the Court and its personnel;

(d)     a court reporter taking the deposition of a witness testifying regarding HIGHLY CONFIDENTIAL – SOURCE CODE (the requirements of Section 9(c)(xii) shall apply);

(e)     the author or recipient of a document containing HIGHLY CONFIDENTIAL – SOURCE CODE or a custodian or other person who otherwise possessed or knew the information (including any witness identified by the Designating Party as a 30(b)(6) witness on topics relating to the Designating Party's HIGHLY CONFIDENTIAL – SOURCE CODE).

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Sections 7.2, 7.3, and 7.4 first must make a written request to the Designating Party's Outside Counsel of Record that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party for whom such work was done, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting

or maintaining, or has any pecuniary interest. With regard to the information sought through parts 2-6 of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b) A Party that makes a request and provides the information specified in the preceding respective sections may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request (the "Objection Period"), the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. The Parties shall work in good faith to agree to longer or shorter Objection Periods if deadlines in the case so require. For the avoidance of doubt, absent written consent of the Designating Party, the Party may not share Protected Material with the identified Expert until either the expiration of the Objection Period without written objection or until the Court resolves the objection.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court, unless superseded by the applicable discovery dispute resolution procedures of any Judge or Magistrate Judge presiding over such dispute. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.6    It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" which is provided from the Designating Party to such Outside Counsel of Record, provided that such rendering of advice and opinions shall not reveal the content of such information, except by prior written agreement with counsel for the Designating Party.

## 8.    PROSECUTION BAR

Individuals associated with a Receiving Party, including Outside Counsel of Record, In-House Counsel, and Experts (and any employees of such individuals) who directly or indirectly review any of the Designating Party's technical HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information ("Prosecution Bar Information") are thereafter prohibited from being involved, directly or indirectly, in the prosecution of patent applications relating to such reviewed Prosecution Bar Information or the field of the invention of the patents in-suit.  For purposes of this Section, "prosecution" includes directly or indirectly participating in or advising regarding the drafting or amending of any claims (including without limitation advising on, consulting on, preparing, prosecuting, drafting, editing or amending of the applications, specifications, claims or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications, or supervision of the aforementioned).  Nothing in this Section shall prohibit any individual from representing a party whose patent is challenged in a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post-grant review, or covered business method proceeding, except that the individual is prohibited from

participating directly or indirectly in or advising regarding the drafting or modification of any claim or amendment to any claim.  This Prosecution Bar shall begin when the Prosecution Bar Information is first reviewed or otherwise learned by the affected individual and shall end on the two-year anniversary following the date of final termination of this action.  Nothing herein shall prevent any person from sending nonconfidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) in order to comply with such person's duty of candor.  The parties expressly agree that the prosecution bar set forth herein shall be personal to any person who reviews Prosecution Bar Information and shall not be imputed to any other persons or attorneys at the person's law firm or company unless information concerning the Prosecution Bar Information were communicated to such person by one who reviewed the materials.

9.   SOURCE CODE

(a)   A Party or Non-Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Source code includes, but is not limited to, computer code, scripts, object code, microcode, software application code, programming code or other machine language instructions, make files, link files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, register transfer language, and hardware description language, as well as any and all human readable comments or files, including programmer notes, annotations, and other comments, interlineated in the Designating Party's source code files as well formulas, engineering specifications, or schematics that disclose any such information. Production or designation of HIGHLY CONFIDENTIAL – SOURCE CODE shall not be construed as a representation or admission by a party that HIGHLY CONFIDENTIAL – SOURCE CODE is properly discoverable in this action, nor does

the inclusion of HIGHLY CONFIDENTIAL – SOURCE CODE as part of this agreement obligate any party to produce HIGHLY CONFIDENTIAL – SOURCE CODE. If a Receiving Party believes that non-source code files have been designated as HIGHLY CONFIDENTIAL – SOURCE CODE or otherwise disagrees with a Designating Party's designation of information as HIGHLY CONFIDENTIAL – SOURCE CODE under this Section, the Receiving Party may challenge that designation pursuant to Section 6 of this Order.  In the event of such a challenge under Section 6, there shall be no presumption that the designated material is or is not HIGHLY CONFIDENTIAL – SOURCE CODE information, and the Designating Party shall have the burden of establishing the propriety of the designation.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed only to the individuals as set forth in Section 7.4, who have been identified to the Designating Party at least three calendar days in advance of the first time such person reviews the source code.  Nothing in this Section supersedes a Receiving Party's obligation to disclose an Expert under Section 7.5.  In the event of a conflict between the timelines disclosed in Section 7.5 and this Section, Section 7.5's timelines shall control.

(c)    The following additional restrictions shall apply to the inspection and production of HIGHLY CONFIDENTIAL - SOURCE CODE, unless otherwise advised in writing by the Designating Party or otherwise Ordered by the Court:

(i)    Any source code shall be made available for inspection, in electronic (*e.g.*, native) format.  The Designating Party shall produce source code for inspection in electronic (*e.g.*, native) format at any domestic office of its Outside Counsel of Record.  Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 5:00 P.M. local time) on at least five (5) business days' written (including email) notice for an initial inspection and at least two (2) business days written notice (including email) for any subsequent inspection, or during such

other hours as may be mutually and reasonably agreed upon on reasonable notice. Notice shall not be required to continue an inspection day-to-day so long as the Designating Party is informed at the conclusion of the inspection that it will continue on the following business day.

(ii)    Source code shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Designating Party.

(iii)    The source code shall be made available for inspection on a secured computer (*i.e.*, the computer may not be linked to any network, including a local area network, an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the computer) in a secured location at the offices of the Designating Party's Outside Counsel of Record (the "Source Code Computer").  The Source Code Computer may be password protected and shall have the source code stored on a hard drive contained inside the computer. The Source Code computer, as produced by the Designating Party, shall include the following software: (1) Notepad ++ v. 7.9.5; (2) Microsoft Visual Studio Community 2019; and (3) Adobe Reader. At the Receiving Party's request, the Designating Party shall include additional reasonable and commercially-available searching and/or analysis tools on the Source Code Computer, including but not limited to: (1) Beyond Compare; (2) Cygwin; and (3) Understand.  The Receiving Party must request such additional tools at least seven (7) days in advance of the inspection.  If there is a cost for the additional analysis tools, the Receiving Party shall bear the cost of such tools, including any costs relating to inclusion of Beyond Compare, Cygwin, and Understand on the Source Code Computer.  If there is disagreement regarding a request for additional tools the parties may refer the dispute to this Court for resolution.  To the extent that such tools record local working files or other records reflecting work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Designating Party.

1    (iv)    Except as otherwise provided in this Protective Order, the

2  Receiving Party shall not copy, remove, or otherwise transfer any portion of the source

3  code onto any recordable media or recordable device, and may not remove anything

4  from the Source Code Computer.  Use or possession of any input/output device (*e.g.*,

5  USB memory stick, mobile phone or tablet, camera or any camera enabled device, CD,

6  floppy disk, portable hard drive, laptop/computer, or any device that can access the

7  Internet or any other network or external system, et cetera) is prohibited while

8  accessing the Source Code Computer.  The Receiving Party shall not use any outside

9  electronic device to copy, record, photograph or otherwise reproduce the source code

10  in any way.  The Designating Party may exercise supervision from outside the review

11  location over the Receiving Party when the Receiving Party is in the location with the

12  Source Code Computer. Such supervision, however, shall not entail review of any

13  work product generated by the Receiving Party (*e.g.*, monitoring the screen of the

14  Source Code Computer, monitoring any surface reflecting any notes or work product

15  of the Receiving Party, or monitoring the key strokes of the Receiving Party).

16    (v)    The electronic source code shall be produced as it is kept in

17  the normal course of business, or as it would be collected in the normal course of

18  business. The Receiving Party's Outside Counsel of Record and/or Experts shall be

19  entitled to take handwritten notes relating to the source code.  Such notes shall be

20  labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such notes may include

21  the names of files, folders, directories, subroutines, variables, and line numbers, so

22  long as they do not include actual source code.  Otherwise, no copies of all or any

23  portion of the source code may leave the room in which the source code is inspected

24  except as otherwise provided in this Protective Order.  Further, no other written or

25  electronic record of the source code is permitted except as otherwise provided in this

26  Protective Order.

27    (vi)    The Designating Party shall include on the Source Code

28  Computer a list of all files available for review on the Source Code Computer.

(vii)   The Receiving Party shall be entitled to request one (1) hard copy printout of the specific lines, pages, or files of the source code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality.  In the event that the Receiving Party requests more than 25 consecutive pages or an aggregate of more than 800 pages of printed source code, and the Designating Party objects based on the volume of materials requested, the parties shall meet and confer in good faith as soon as possible, and in no event later than five (5) business days after such request by the Receiving Party.  If, after meeting and conferring pursuant to Local Rule 7-3, the parties cannot resolve the objection, the Receiving Party shall be entitled to immediately seek judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity, pursuant to the dispute resolution procedure set forth in Section 7.5 of this Order.  To request the hard copy print out contemplated in this Section, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting using the software[1] available on the Source Code Computer, and save them in a folder on the desktop of the inspection computer named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information, including the full file path and file name, page number, and/or line numbers such that the Designating Party may identify where the source code is located in the original production.  The Designating Party shall provide instructions to the Receiving Party detailing how such information can be included in a PDF printout using Notepad ++ v. 7.9.5.  The Receiving Party shall request printouts of only such portions of source code as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  In no event may the Receiving Party request printouts of entire files as an alternative to reviewing HIGHLY CONFIDENTIAL –

---

[1] The Designating Party shall ensure the software is sufficient to create the production contemplated in this Section.

SOURCE CODE in the first instance.  However, if the Receiving Party needs additional time to review relevant HIGHLY CONFIDENTIAL – SOURCE CODE, such additional time shall not be unreasonably denied to the Receiving Party, and the parties shall work together in good faith to ensure that the Receiving Party has adequate time to review the HIGHLY CONFIDENTIAL – SOURCE CODE.

(viii)  In the absence of any objection pursuant to Section 9(c)(vii), the Designating Party shall hand-deliver a paper copy of the .PDF printouts identified by the Receiving Party no later than one business day after it receives a request. Hand-delivery shall be complete upon delivery of the paper copies to the Receiving Party's designated expert who is inspecting the Source Code Computer and/or by delivery to any Outside Counsel of Record for the Receiving Party.  The Designating Party shall print and append production numbers and the designation "HIGHLY CONFIDENTIAL – SOURCE CODE" or "HIGHLY CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER – SOURCE CODE."  The paper copies in the Receiving Party's possession must be kept in a secured location (*i.e.*, an access restricted location such as a restricted conference room or locked drawer) at the offices of the Receiving Party's Outside Counsel or other person(s) entitled to view and/or possess "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – SOURCE CODE" at all times.  The Receiving Party may make no more than two (2) additional paper copies of any portions of the source code files that are bates labeled and produced, not including copies attached to court filings.  Except for when such additional paper copies are being used in deposition or while in transit between authorized persons or for authorized purposes, any such additional paper copies shall be kept in a secured location (*i.e.*, an access-restricted location such as a restricted conference room or locked drawer) at the offices of the Receiving Party's Outside Counsel or other person(s) entitled to view or possess "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – SOURCE CODE."  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court

filings, pleadings, or other papers (including a testifying expert's expert report), or (2) necessary for deposition, at the conclusion of which all copies except the copy used as an exhibit shall be destroyed.

(ix)   The Receiving Party may make and use short electronic snippets and images of the source code if necessary for court filings, expert reports, discovery responses, trial exhibits, demonstrative exhibits and other similar documents (including drafts thereof).  The Receiving Party must at all times password protect any such electronic copies with a password comprising at least ten characters which include at least the following: a lower case letter, a capital letter, a number, and a special character.   All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal and submitted for *in camera* inspection.   Documents containing HIGHLY CONFIDENTIAL – SOURCE CODE shall not be filed electronically using the Court's CM/ECF system.

(x)   Except as provided in Section 9(c)(ix) of this Protective Order, the Receiving Party shall not make any electronic copies of the electronic source code (*e.g.*, Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner—including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code).  The Receiving Party may electronically transmit the password protected documents referenced in Section 9(c)(ix) above to: Experts and Outside Counsel of Record.  Any such electronic transmission must be encrypted.  Except as permitted herein, unless agreed in advance by the parties in writing, images or electronic copies of source code shall not be included in correspondence (references to production numbers shall be used instead).

(xi)   Materials inadvertently left by the Receiving Party in the source code viewing room do not operate as a waiver of the attorney work product

doctrine or any other applicable privilege and shall be returned to the owner promptly. The Designating Party shall not be responsible for any items left in the source code viewing room.

(xii)   Copies of HIGHLY CONFIDENTIAL – SOURCE CODE that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record shall clearly identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition HIGHLY CONFIDENTIAL – SOURCE CODE exhibit.  If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in its marked form and provide one copy to Outside Counsel of Record for the other Party.

(xiii)  Outside Counsel of Record for the Receiving Party with custody of HIGHLY CONFIDENTIAL – SOURCE CODE information shall maintain a source code log containing the following information: (1) the identity of each person granted access to the HIGHLY CONFIDENTIAL – SOURCE CODE information, and (2) the first date on which such access was granted. Outside Counsel of Record for the Receiving Party shall produce, upon request, the source code log to the Designating Party within twenty (20) days after the final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Designating Party shall also be entitled to a copy of the source code log during the pendency of litigation upon a showing of good cause.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1   If a Party is served with a subpoena, discovery request, or a court order issued in other litigation that compels and/or requires disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

        (a)    promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena, discovery request, or court order;

        (b)    promptly notify in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the material covered by the subpoena, discovery request, or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, discovery request, or court order will not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena, discovery request, or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.2   The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in <u>Federal Rule of Civil Procedure 45(d)(3)</u> or (f).

11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

        (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required by a discovery request to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will promptly comply with any notice requirements contained within the agreement and disclose the discovery request to the Non-Party. In such an event, the Party must also notify the Receiving Party that issued the discovery request that it is withholding from disclosure documents and information based upon a contractual obligation to a third party.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any Receiving Party recognizes that any producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the producing Party

or Non-Party promptly.  If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the Party or Non-Party who made the inadvertent production or disclosure may send to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time.  The written request shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.  Within seven (7) business days of receiving such a request, the Receiving Party shall (a) return to the producing Party or Non-Party all such documents and things identified by the producing Party or Non-Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies).  The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subsection (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the producing Party or Non-Party in writing when the document or thing is returned to the producing Party or Non-Party ("Notice of Disputed Designation").  The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation.  The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Any letter or motion filed pursuant to this Section shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the Court.  If the Court rejects the Receiving Party's challenge to the

privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in subsection (a) of this Section 13 shall be immediately returned to the producing Party or Non-Party.

(c)   If the Receiving Party generated documents or things which contain information derived from such inadvertently produced documents and things, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work product information in a manner such that the derivative information cannot in any way be retrieved or reproduced once any challenge relating to the privileged status of the inadvertent production is resolved.

(d)   The procedures set forth in this Section 13 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.  There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the producing Party or Non-Party complies with the procedures set forth in this Section 13 with respect to such inadvertent disclosure or production.

14.   <u>MISCELLANEOUS</u>

14.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Export Control</u>.   Protected Material produced in this matter may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be

restricted.  The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.  A Receiving Party may not remove Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" from the territorial boundaries of the United States of America or Canada. The viewing of Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" through electronic means outside the territorial limits of the United States of America or Canada is similarly prohibited. Further, with respect to materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," such materials may not leave the territorial boundaries of the United States of America, and the viewing of Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" through electronic means outside the territorial limits of the United States of America is similarly prohibited. Without limitation, this prohibition extends to the specified Protected Material (including copies) in physical and electronic form.  The restrictions contained within this section may be amended through the express written consent of the Designating Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this section is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

   14.4   <u>Filing Protected Material</u>.  A Party may not file in the public record in this action any Protected Material unless: (a) it receives written permission from the Designating Party or (b) the Court orders the filings of the material in the public record after compliance with Local Rule 79-5.

   14.5   <u>Privilege Logs</u>.    Absent a showing of good cause, no party is required to identify on its respective privilege log any document or communication dated after the date of the filing of the complaint in the respective action.  The parties shall promptly produce privilege logs identifying material it withheld from production, and must serve supplemental privilege logs promptly upon identification of additional

documents withheld or redacted on the basis of privilege, attorney work product, or similar doctrines.

14.6   <u>Computation of Time</u>. The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in <u>Federal Rule of Civil Procedure 6</u>.

15.   <u>FINAL DISPOSITION</u>

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

Within 60 days after the final disposition of this action, as defined herein, each Receiving Party must return all Protected Material to the Designating Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, with the exception of paper copies of source code.  Any such archival copies

that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

    **IT IS SO STIPULATED**, through Counsel of Record.


Dated:  March 22, 2023           **Pillsbury Winthrop Shaw Pittman LLP**


                        */s/ David J. Tsai*
                        Counsel for Plaintiff


Dated:  March 22, 2023           **Sheppard, Mullin, Richter & Hampton LLP**


                        */s/ Jennifer Klein Ayers  *with permission*
                        Counsel for Defendant


    SO ORDERED this 23  day of  March         ,2023.


                        Honorable Michael R. Wilner
                        United States Magistrate Judge

4862-3576-4821

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____

_____ [**full address**],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on _____ [date] in the case of ***Playvuu, Inc.***

***v. Snap Inc.*, Case No. 2:22-cv-06019-GW-MRW**.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [**full**

**name**] of _____ [**full address**

**and telephone number**] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where signed: _____

Printed name: _____


Signature: _____